**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CITY OF CHICAGO and CITY OF SAINT PAUL,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE;<br>PAMELA JO BONDI, in her official capacity;<br>OFFICE OF COMMUNITY ORIENTED<br>POLICING SERVICES; and CORY D.<br>RANDOLPH, in his official capacity,<br><br>Defendants. | Civil Action No. 25-cv-13863<br><br>Hon. Jorge L. Alonso |

## <u>ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND STAY OF AGENCY ACTION</u>

This matter comes before the Court on the Motion for Preliminary Injunction and Stay of Agency Action by Plaintiffs City of Chicago and City of Saint Paul. For the reasons stated in the Court's Memorandum Opinion and Order of January 15, 2026, Dkt. 28, Plaintiffs' Motion is GRANTED as follows:

1.      Defendants, their officers, agents, employees, attorneys, and all those in active concert or participation with Defendants, are preliminarily enjoined from:

        a.      attaching, incorporating, imposing, or enforcing, or requiring Plaintiffs or their subrecipients to certify compliance with, the Discrimination Condition, the Executive Order Condition, the Immigration Condition, the Federal Funding Restrictions (collectively, as those conditions are defined in the Complaint, the "Challenged Conditions") or any materially similar

1

terms or conditions, with respect to any applications submitted by Plaintiffs, and any DOJ funds awarded to or received by Plaintiffs or their subrecipients, whether directly or indirectly, including through new grant applications, applications for continuation funding, notices of funding availability or opportunity, certifications, grant agreements, post-award submissions, or reimbursement requests;

b.    attaching, incorporating, imposing, or enforcing the Civil Rights Conditions (as those conditions are defined in the Complaint), to the extent that Defendants construe any of the Civil Rights Conditions to require anything other than compliance with the statutes cited in the Civil Rights Conditions as they have been enacted by Congress and interpreted by the Judiciary; and

c.    rescinding, withholding, cancelling, or otherwise not processing any DOJ grant agreements, or pausing, freezing, impeding, blocking, cancelling, terminating, delaying, withholding, or conditioning DOJ funds based on such terms or conditions, including without limitation failing or refusing to process and otherwise implement grants signed with changes or other objections to conditions enjoined by this preliminary injunction.

2.    Pursuant to 5 U.S.C. § 705, the Court postpones the effective date of any action by any Defendants, their officers, agents, employees, attorneys, and all those in active concert or participation with Defendants, to adopt, issue, or enforce the Challenged Conditions as to Plaintiffs or their subrecipients pending conclusion of this litigation.

3.    Defendants, their officers, agents, employees, attorneys, and all those in active concert or participation with Defendants, shall immediately treat any actions taken to implement

2

or enforce the Challenged Conditions or any materially similar terms or conditions as to Plaintiffs or their subrecipients, including but not limited to any delays or withholding of funds based on such conditions, as null, void, and rescinded; shall, while this preliminary injunction is in effect, treat any such conditions included in any grant agreement executed by Plaintiffs or their subrecipients as null and void; and may not retroactively apply such conditions to grant agreements during the effective period of this preliminary injunction;

4.      Defendants, their officers, agents, employees, attorneys, and all those in active concert or participation with Defendants, are preliminarily enjoined from retaliating against any Plaintiff for participating in this lawsuit or taking any adverse action based on any Plaintiff's participation in this lawsuit, including reducing the amount of a grant award to that Plaintiff or to any state agency through which that Plaintiff may receive grant funding; refusing to issue, process, sign, or approve grant applications, grant agreements, or subgrant agreements; and refusing to issue, process, sign, or approve any invoice or request for payment, or reducing the amount of such approval or payment;

5.      Defendants' counsel shall provide written notice of this Order to all Defendants and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them by the end of the third day after issuance of this Order; and

6.      By the end of the third day after issuance of this Order, Defendants shall file on the Court's electronic docket and serve upon Plaintiffs a Status Report documenting the actions that they have taken to comply with this Order, including a copy of the notice and an explanation as to whom the notice was sent.

This Order shall apply to the maximum extent provided for by Fed. R. Civ. P. 65(d)(2) and shall persist until further order of this Court.

**SO ORDERED.**                    **ENTERED: February 3, 2026**

_____
**HON. JORGE L. ALONSO**
**United States District Judge**