IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO and CITY OF SAINT PAUL, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE; PAMELA JO BONDI, in her official capacity; OFFICE OF COMMUNITY ORIENTED POLICING SERVICES; and CORY D. RANDOLPH, in his official capacity, <br><br> Defendants. | Case No. 25-cv-13863 <br><br> Hon. Jorge L. Alonso |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO ADOPT REVISED SUMMARY JUDGMENT BRIEFING SCHEDULE**

Plaintiffs City of Chicago and City of Saint Paul respectfully move for leave to file the attached First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Plaintiffs also respectfully request that the Court adopt a revised schedule for summary judgment briefing. In support, Plaintiffs submit the following:

1. Plaintiffs filed their Complaint [1] in this action on November 12, 2025, seeking declaratory and injunctive relief regarding Defendants' imposition of certain conditions on Plaintiffs' receipt of federal grant funds.

2. On January 15, 2026, the Court granted Plaintiffs' Motion for Preliminary Injunction and Stay of Agency Action [11] enjoining Defendants' conduct, holding that the

1

challenged grant conditions likely violated the constitutional separation of powers, the Spending Clause, and the Administrative Procedure Act. *See* Mem. Op. & Order [28]. The Court separately entered a formal preliminary injunction Order [31] on February 3, 2026.

3. Plaintiffs now seek leave to amend the Complaint to add an additional plaintiff, City of Santa Monica, that is similarly situated to the existing Plaintiffs and asserts the same claims for relief based on the same conduct alleged in the Complaint and preliminarily enjoined by this Court.

4. The proposed First Amended Complaint, attached as **Exhibit A**, does not alter the nature of the claims or the legal theories in this case; it simply adds one additional municipal government plaintiff that has experienced the same unlawful conduct by Defendants and seeks the same relief as the existing Plaintiffs.

5. Under Federal Rule of Civil Procedure 15(a)(2), courts "should freely give leave [to amend pleadings] when justice so requires." Granting leave here will promote efficient resolution of the claims of similarly situated parties in a single action and will not prejudice Defendants.

6. Furthermore, because the administrative record may be impacted by the addition of a new plaintiff and because of the ongoing DHS shutdown, Defendants have requested, and Plaintiffs do not oppose, extending the administrative record production and summary judgment deadlines as follows:

    a. Defendants shall file the administrative record for the agency actions challenged in this case by March 31, 2026;

    b. The parties shall file cross-motions for summary judgment by April 24, 2026;

   c.  The parties shall file responses by May 22, 2026; and

   d.  The parties shall file replies by June 5, 2026.

  7.  The parties do not seek to alter the other provisions of the Court's January 22, 2026 Minute Order [30] adopting the current summary judgment briefing schedule, including that: (1) the parties may file opening and response briefs of up to 25 pages each; (2) the requirement under Local Rule 56.1 that the parties submit statements of material fact is waived; and (3) the requirement that Defendants answer the complaint is waived.

  8.  Following the filing of the First Amended Complaint, Plaintiffs anticipate filing a Second Motion for Preliminary Injunction seeking to extend the Court's existing preliminary injunction to the newly added plaintiff City of Santa Monica. Because that motion will seek the same relief based on the same claims and legal theories addressed in the Court's prior orders, *see* Mem. Op. & Order [28]; Order [31], Plaintiffs expect that the motion will largely rely on the briefing and arguments previously submitted in support of the original preliminary injunction, *see* Pls.' Mem. [12]; Pls.' Reply [23]. Plaintiffs will confer with Defendants to propose an appropriate briefing schedule for that motion at the time of filing; Plaintiffs do not anticipate that the motion will affect the revised summary judgment briefing schedule proposed above.

  9.  Defendants have informed Plaintiffs that they do not oppose this motion.

  WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the attached First Amended Complaint and adopt the revised summary judgment briefing schedule set forth above.

Dated: March 9, 2026           Respectfully submitted,

                     **Mary B. Richardson-Lowry**
                     Corporation Counsel of the City of Chicago

3

By: /s/ *Stephen Kane*
Stephen Kane (IL Bar No. 6272490)
Rebecca Hirsch (IL Bar No. 6279592)
Chelsey Metcalf (IL Bar No. 6337233)
Laura Geary (IL Bar No. 6351762)
John Kauffman (IL Bar No. 6353229)
City of Chicago Department of Law
121 North LaSalle Street, Room 600
Chicago, Illinois 60602
(312) 744-0458
stephen.kane@cityofchicago.org
rebecca.hirsch2@cityofchicago.org
chelsey.metcalf@cityofchicago.org
laura.geary@cityofchicago.org
john.kauffman@cityofchicago.org

*Attorneys for Plaintiff City of Chicago*

**Irene Kao**
Saint Paul City Attorney

By: /s/ *Kelsey McElveen*
Kelsey McElveen**
Assistant City Attorney
Saint Paul City Attorney's Office
400 City Hall and Courthouse
15 Kellogg Boulevard West
Saint Paul, Minnesota 55102
Tel:    (651) 266-8710
Fax:   (651) 298-5619
Kelsey.McElveen@ci.stpaul.mn.us

*Attorneys for Plaintiff City of Saint Paul*


** Admitted pro hac vice