**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CITY OF CHICAGO, CITY OF SAINT PAUL, and CITY OF SANTA MONICA,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE; TODD BLANCHE, in his official capacity; OFFICE OF COMMUNITY ORIENTED POLICING SERVICES; and CORY D. RANDOLPH, in his official capacity,<br><br>Defendants. | Case No. 25-cv-13863<br><br>Hon. Jorge L. Alonso |

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court on Defendants' Motion for Summary Judgment, Dkt. 54, and Plaintiffs' Cross-Motion for Summary Judgment, Dkt. 58. For the reasons stated in the Court's Order of October 30, 2026, Dkt. 73, Defendants' Motion for Summary Judgment is DENIED and Plaintiffs' Motion is GRANTED as follows:

1. The Court enters judgment in favor of Plaintiffs;
2. Pursuant to 28 U.S.C. § 2201(a):
   a. Defendants violated the constitutional separation of powers, the Spending Clause, and the Administrative Procedure Act by imposing the Federal Civil Rights and Nondiscrimination Laws (certification) Condition ("Anti-DEI Condition"), the Federal Laws, Presidential Memoranda, and Executive Orders

Condition ("Executive Order Condition"), the Compliance with 8 U.S.C. § 1373 Condition ("Immigration Condition"), and the Federal Funding Restrictions[1] (collectively, the "Challenged Conditions") on Plaintiffs' FY 2025 COPS Grants; and

b. The Award Owner's Manual Condition, the Federal Civil Rights Condition, and the Assurances and Certifications Condition do not require anything of Plaintiffs other than compliance with the statutes cited in the conditions as they have been enacted by Congress and interpreted by the Judiciary;

3. The Challenged Conditions are held unlawful, set aside, and vacated under the Administrative Procedure Act, 5 U.S.C. § 706(2);

4. Defendants, their officers, agents, employees, attorneys, and all those in active concert or participation with Defendants are permanently enjoined from:

a. Attaching, incorporating, imposing, or enforcing, or requiring Plaintiffs or their subrecipients to certify compliance with the Challenged Conditions or any materially similar terms or conditions, with respect to any COPS Grant applications submitted by Plaintiffs, and any COPS Grant funds awarded to or received by Plaintiffs or their subrecipients, whether directly or indirectly, including through new grant applications, applications for continuation funding, notices of funding availability or opportunity, certifications, grant agreements, post-award submissions, or reimbursement requests;

---

[1] The Federal Funding Restrictions were not included in the terms and conditions in any award package; rather, they were included in the Notice of Funding Opportunity ("NOFO") as a notice to applicants.

b. Rescinding, withholding, cancelling, or otherwise not processing any COPS Grant agreements, or pausing, freezing, impeding, blocking, cancelling, terminating, delaying, withholding, or conditioning COPS Grant funds based on such terms or conditions, including without limitation failing or refusing to process and otherwise implement grants signed with changes or other objections to enjoined conditions; and

c. Retaliating against any Plaintiff for participating in this lawsuit or taking any adverse action based on any Plaintiff's participation in this lawsuit, including reducing the amount of a grant award to that Plaintiff or to any state agency through which that Plaintiff may receive grant funding; refusing to issue, process, sign, or approve grant applications, grant agreements, or subgrant agreements; and refusing to issue, process, sign, or approve any invoice or request for payment, or reducing the amount of such approval or payment;

5. Defendants, their officers, agents, employees, attorneys, and all those in active concert or participation with Defendants, must immediately treat any actions taken to implement or enforce the Challenged Conditions or any materially similar terms or conditions in COPS Grants as to Plaintiffs or their subrecipients, including any delays or withholding of funds based on such conditions, as null, void, and rescinded;

6. Defendants' counsel shall provide written notice of this order to all Defendants and their officers, agents, servants, employees, attorneys, and any other persons in active concert or participation with Defendants by the end of the seventh business day after issuance of this order; and

7. Defendants, by the end of the seventh business day after issuance of any aforementioned order(s), shall file on the Court's electronic docket and serve upon Plaintiffs a Status Report documenting the actions they have taken to comply with this order, including a copy of the written notice and an explanation as to whom the notice was sent.

SO ORDERED

ENTERED: November 24, 2026

HON. JORGE L. ALONSO
United States District Judge